# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEVEN KING,<br><br>Plaintiff,<br><br>v.<br><br>S. DEATHRIAGE, et al.,<br><br>Defendants. | Case No. 1:14-cv-00111-LJO-SAB-PC<br><br>ORDER DENYING MOTION TO COMPEL AND MOTION FOR PEACE OFFICER RECORDS<br><br>(ECF NOs. 32, 38) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to compel the production of documents and for an order granting him access to peace officer records. Defendants oppose the motions.

Defendants oppose the motion on the ground that Plaintiff's requests are untimely. The December 30, 2014, discovery order (ECF No. 18), provided that all responses should be served 45 days after service of the discovery request. On July 8, 2015, the Court granted Defendants' request to extend the discovery deadline from August 30, 2015 to September 29, 2015. In order to be timely all discovery had to be served at least 45 days before the September 29, 2015, deadline. Defendants note that Plaintiff served the requests for production of documents he now seeks to compel responses to on September 3, 2015, only 26 days before the discovery deadline. On September 10, 2015, defense counsel sent to Plaintiff a letter explaining that the requests were untimely because they were not served 45 days before the discovery deadline. In response, Plaintiff filed the motion to compel that is before the Court.

Plaintiff indicates that he served the request for production of documents before the

1  September 29, 2015, deadline.  Plaintiff states that he is "basing" his deadline on two papers that
2  was sent to him by the court: the Court's January 28, 2014 (First Informational Order) and July
3  8, 2015 (granting Defendant's request to extend the discovery deadline) orders. Nothing in the
4  first informational order directs that the "discovery deadline" is the deadline for serving
5  discovery requests.  On December 30, 2014, the Court issued its discovery and scheduling order
6  specifically advising the parties that all responses should be served 45 days after service of the
7  discovery request.  (ECF 18).  In the subsequent July 9, 2015, order extending the discovery
8  deadline, the parties were specifically advised that the discovery deadline was extended, and that
9  "all other provisions of the court's December 30, 2014, scheduling order remain the same."
10 Based upon these orders, Plaintiff's discovery requests were untimely served.  Therefore,
11 Plaintiff's motion to compel should be denied.

12      Plaintiff also filed a motion to obtain to personnel records of Defendants pursuant to
13 Pitchess v. Superior Court, 11 Cal. 3d 531, 537 (1974).  Plaintiff is advised that the proper
14 mechanism for compelling discovery responses from Defendants is a motion to compel.  The
15 motion before the Court cannot be construed as a motion to compel.  Plaintiff does not clearly
16 describe his attempts to obtain the relevant documents directly from Defendants through a proper
17 discovery request and does not present any arguments that demonstrate how Defendants'
18 objections to Plaintiff's requests were unjustified.[1]  As noted, discovery in this case closed on
19 September 29, 2015.  Plaintiff's motion should therefore  be denied.

20 //
21 //
22 //
23 //
24 //

25      Accordingly, IT IS HEREBY ORDERED that:

26

27 [1] In contrast, a Pitchess motion is a device by which a California criminal defendant may seek disclosure of a peace
   officer's personnel records.  See City of Santa Cruz v. Municipal Court, 49 Cal.3d 74, 81-82 (1989); Pitchess v.
   Superior Court, 11 Cal. 3d 531, 537 (1974).  The basis for the motion has been codified into California Penal Code
28 §§ 832,7, 832.8 and California Evidence Code §§ 1043-1045.

1. Plaintiff's motion for an order granting him access to peace officer records is denied;
2. Plaintiff's motion to compel the production of documents is denied.

IT IS SO ORDERED.

Dated:   **October 19, 2015**

UNITED STATES MAGISTRATE JUDGE