# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL STEVEN KING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. DEATHRIAGE, et al.,<br><br>　　　　Defendants. | Case No.  1:14-cv-00111-LJO-SAB-PC<br><br>ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 51) |

Plaintiff Michael Steven King is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case is set for a jury trial on Plaintiff's claims against Defendants Deathriage, Martinez, and Briones for excessive force in violation of the Eighth Amendment. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's second motion for the appointment of counsel, filed January 9, 2017 (ECF No. 51.) In support of his request, Plaintiff states that he is indigent, incarcerated, without funds to retain counsel, not a lawyer, and does not know how to speak in a jury trial.

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v.

1  United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct.
2  1814, 1816 (1989). However, in certain exceptional circumstances the court may request the
3  voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without
4  a reasonable method of securing and compensating counsel, the court will seek volunteer counsel
5  only in the most serious and exceptional cases. In determining whether "exceptional
6  circumstances exist, the district court must evaluate both the likelihood of success of the merits
7  [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
8  legal issues involved." Id. (internal quotation marks and citations omitted).

9       In the present case, the Court does not find the required exceptional circumstances.
10 Plaintiff's incarcerated status, lack of legal knowledge, and lack of funds are not sufficient to
11 show exceptional circumstances under the relevant standards. Moreover, the excessive force
12 claims in this case do not raise particularly complex issues, and based on a review of the record,
13 the Court finds that Plaintiff can adequately articulate those claims, including because Plaintiff
14 was able to successfully oppose summary judgment on the majority of his claims. Finally,
15 although this matter will proceed on a jury trial due to the genuinely disputed issues of fact here,
16 the Court does not find any likelihood of success on the merits.

17      For the foregoing reasons, Plaintiff's second motion for the appointment of counsel, filed
18 January 9, 2017 (ECF No. 51) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **January 11, 2017**

UNITED STATES MAGISTRATE JUDGE