# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL STEVEN KING,<br><br>    Plaintiff,<br><br>    v.<br><br>S. DEATHRIAGE, et al.,<br><br>    Defendants. | Case No.  1:14-cv-00111-LJO-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS<br><br>(ECF No. 53) |

**I.**

**INTRODUCTION**

Plaintiff Michael Steven King is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is set for a jury trial on Plaintiff's claims against Defendants Deathriage, Martinez, and Briones for excessive force in violation of the Eighth Amendment. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion "for admission of all Defendants and Request for Production of Documents," filed on January 9, 2017. (ECF No. 53.)   On January 27, 2017, Defendants filed an opposition to the motion. (ECF No. 57.)

1

On February 21, 2017, Plaintiff filed an "objection" to Defendants' opposition, with a proof of service dated February 16, 2017. Being fully briefed, the motion is deemed submitted. Local Rule 230(l).

## II.

## DISCUSSION

### A. Arguments

Plaintiff's motion seeks a production of Defendants' CDCR personnel records regarding complaints made against them on various matters, including on issues of moral turpitude, aggressive behavior, violence, excessive force, racial bias, and disciplinary actions and investigations. (ECF No. 53.)

Defendants argue in opposition to the motion that these records were not properly requested when discovery was open, and that the Court has previously denied Plaintiff's request for these same documents in an October 19, 2015 order. Defendants further argue that the motion should be denied as Plaintiff offers no justification for reopening discovery, nor has he shown any grounds for the Court to reconsider its prior order. (ECF No. 57.)

In reply, Plaintiff argues that he is not attempting to reopen discovery, just attempting to complete it. Plaintiff further argues that Defendants are not prejudiced by providing him these documents, and that he is entitled to them. (ECF No. 58.)

### B. Analysis

Pursuant to the Court's discovery and scheduling order issued on December 30, 2014 in this case, the deadline for completion of all discovery, including filing all motions to compel discovery, was August 30, 2015.  (ECF No. 18, p. 2.)  That order further provided that absent good cause, discovery motions would not be considered if filed after that deadline. (Id.)  On July 8, 2015, the Court granted Defendants' request to extend the discovery deadline from August 30, 2015 to September 29, 2015. (ECF No. 29.)

Plaintiff previously filed a motion related to these same personnel records. In this Court's October 19, 2015 order regarding that motion, the Court advised Plaintiff that the proper mechanism for compelling discovery from Defendants is a motion to compel, but his motion

1  could not be construed as such because he had not shown that he sought the documents from
2  Defendants through a proper, timely discovery request to which the Defendants failed to
3  adequately respond.  (ECF No. 40.)

4      In his current motion, Plaintiff again seeks an order compelling Defendants to produce
5  the personnel records. Once again, Plaintiff has not shown that he made any proper request for
6  the production of these records before the discovery deadline expired. Thus, the Court cannot
7  construe this motion as a motion to compel discovery responses to prior discovery requests.

8      Even if the Court construed this motion as a motion to compel, it was filed over a year
9  after the September 29, 2015 deadline for such motions. Plaintiff has not shown good cause for
10 considering any untimely discovery motion, as required under this Court's order and the
11 applicable Federal Rules of Civil Procedure. See Fed. R. Civ. P. 16(b)(4). The good cause
12 standard primary considers the diligence of the party seeking the modification of the schedule,
13 and Plaintiff has shown no evidence of diligence here. See Johnson v. Mammoth Recreations,
14 975 F.2d 604, 607-08 (9th Cir. 1992).

15     To the extent Plaintiff seeks to reopen discovery to make any new document requests or
16 "complete" any previous deficient discovery requests, he has also not shown any good cause to
17 do so at this late date. And to the extent Plaintiff seeks for the Court to reconsider its October 19,
18 2015 order, he has not shown that it was clearly erroneous or contrary to law. Rockwell Intern.,
19 Inc. v. Pos-A-Traction Industries, Inc., 712 F.2d 1324, 1325 (9th Cir. 1983).

20 ///
21 ///
22 ///
23 ///

**III.**

**ORDER**

For these reasons, it is HEREBY ORDERED that Plaintiff's motion for admission and request for production of documents, filed January 9, 2017 (ECF No. 53), is DENIED.

IT IS SO ORDERED.

Dated:   **March 17, 2017**

UNITED STATES MAGISTRATE JUDGE