# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL STEVEN KING,<br><br>      Plaintiff,<br><br>    v.<br><br>S. DEATHRIAGE, et al.,<br><br>      Defendants. | Case No. 1:14-cv-00111-LJO-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF No. 52) |

## I.   Introduction

Plaintiff Michael Steven King is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is set for a jury trial on Plaintiff's claims against Defendants Deathrage, Martinez, and Briones for excessive force in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for the attendance of incarcerated witnesses who agree to testify voluntarily, filed January 9, 2017. (ECF No. 52.) Plaintiff seeks the attendance of (1) Frizzell Bell (CDCR # V-98376, Kern Valley State Prison); (2) Damion Johnson (CDCR #V-82917, Folsom State Prison); and (3) Horatio Jones (CDCR# K-63200, CSP-Lancaster). In support, he attaches declarations signed by each witness stating that they agree to testify as witnesses in this matter. (Id. at 4-6.)

1

1    Defendants oppose the motion, arguing that although the inmates' declarations state that
2 they are willing to testify, they do not discuss any details about what they witnessed, or how they
3 could see or hear the incident in question. (ECF No. 56.)
4    The parties' arguments were also heard on this matter at the telephonic trial confirmation
5 hearing held on March 23, 2017.

6 **II.    Discussion**

7    In determining whether to grant Plaintiff's motions for the attendance of incarcerated
8 witnesses, the Court considers the following factors: (1) whether the inmate's presence will
9 substantially further the resolution of the case, (2) the security risks presented by the inmate's
10 presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed
11 until the inmate is released without prejudice to the cause asserted.  *Wiggins v. County of*
12 *Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422
13 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience
14 and expense of transporting inmate witness outweighed any benefit he could provide where the
15 importance of the witness's testimony could not be determined), *abrogated on other grounds by*
16 *Sandin v. Conner*, 515 U.S. 472 (1995).

17    Here, the Court cannot determine that any of these inmates' presence will substantially
18 further the resolution of this case. None of the declarations filed by Plaintiff give any information
19 showing that the prospective inmate witnesses have actual knowledge of the relevant facts in this
20 matter. Inmate Bell's declaration merely states, in the third-person, that "Mr. King, as witnessed
21 by Mr. Bell, was a recipient of assault, abuse and unnecessary force" at Pleasant Valley State
22 Prison. (ECF No. 52, p. 4.) Inmate Johnson's and inmate Jones's declarations, respectively, each
23 only state that they are willing to testify about "the events" or "the incident" that occurred. (Id at
24 5, 6.) From these vague declarations, the Court cannot find that any of these prospective
25 witnesses have actual, first-hand knowledge of the events at issue, as either eye or ear-witnesses
26 to the relevant facts. Nor can the Court evaluate whether the importance of these witnesses'
27 testimony outweighs the security risks and expenses inherent in transporting inmate witnesses
28 from various institutions to the courthouse for the trial in this matter.

Plaintiff was provided the standards for obtaining the attendance of incarcerated witnesses who agree to testify voluntarily in the September 26, 2016 Second Scheduling Order in this matter, including the need for any supporting declarations to provide specific details of the events witnessed so that the Court could make the above-described determinations. Plaintiff has not met his burden here in meeting that standard for seeking the attendance of these incarcerated witnesses.

With regard to Inmate Bell, Plaintiff directed the Court to evidence submitted earlier in this case—a December 24, 2013 Rules Violation Report by Correctional Officer M. Mata regarding an interview of Inmate Bell. Officer Mata writes in the report that he asked whether Inmate Bell saw correctional officers jump on Plaintiff "for no reason," and that Inmate Bell responded, "Yes." (RVR Log. No. 13-FB-03-042, ECF No. 42, p. 9.) The report does not show that Plaintiff has met his burden here, as it was drafted several years ago, and contains limited hearsay evidence from Inmate Bell, without any details of what he witnessed and how he was able to witness the events. Thus, this report does not provide sufficient information from the Plaintiff or Inmate Bell for the Court to determine that Inmate Bell was an eye or ear-witness to the events at issue, or that the inmate is now able to testify about those events.

Plaintiff requested a private investigator to assist in his communications with Inmate Bell, and an order directing the warden of Plaintiff's institution to allow him to correspond with Inmate Bell, so that he could obtain further support for his motion to transport that inmate. For the reasons discussed at the hearing, the request for a private investigation is denied. A separate order will issue to the warden of Ironwood State Prison regarding Plaintiff's letter to Inmate Bell. Plaintiff is directed that his letter must be sent post haste, and any response from Inmate Bell must be submitted to the Court immediately upon receipt, as the trial in this matter will not be delayed.

///

///

///

///

3

**III.     Conclusion and Order**

For these reasons, it is HEREBY ORDERED that Plaintiff's motion for attendance of incarcerated witness who agree to testify voluntarily, filed on January 9, 2017 (ECF No. 52), is DENIED, in its entirety.

The Court will entertain reconsideration of this order as regards to Inmate Bell if a new declaration from Inmate Bell is provided, as outlined at the March 23, 2017 hearing in this matter.

IT IS SO ORDERED.

Dated:   **March 23, 2017**              /s/ Lawrence J. O'Neill
                                          UNITED STATES CHIEF DISTRICT JUDGE

4