# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL STEVEN KING,<br><br>Plaintiff,<br><br>v.<br><br>S. DEATHRIAGE, et al.,<br><br>Defendants. | Case No. 1:14-cv-00111-LJO-SAB-PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR EXPERT WITNESS<br><br>(ECF No. 59) |

Plaintiff Michael Steven King is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is set for a jury trial on Plaintiff's claims against Defendants Deathriage, Martinez, and Briones for excessive force in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for expert witness, dated February 6, 2017 and filed on February 21, 2017. (ECF No. 59.) Plaintiff states that he requests for Dr. Clyde Kennedy to testify to Plaintiff's mental state after the events at issue. The motion provides no information on Dr. Kennedy's identity or opinions, but states that Plaintiff is in the process of retrieving Dr. Kennedy's address and phone number. Dr. Kennedy was also not identified as a witness in Plaintiff's pretrial statement. (ECF No. 64.)

The parties were heard further on this motion at the telephonic trial confirmation hearing held on March 23, 2017. At the hearing, Plaintiff explained that Dr. Kennedy is his retained

expert witness, but he has not been subpoenaed, and Plaintiff did not have Dr. Kennedy's contact information because the witness had recently moved. Defense counsel stated they have not received a complete disclosure of Dr. Kennedy, nor have they received any expert report, and that the only information they have regarding Dr. Kennedy is the motion Plaintiff filed.

Federal Rule of Civil Procedure 26 provides that a party must disclose to other parties expert witnesses it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent a stipulation or a court order, expert witness disclosures must be made at least 90 days before the date set for trial, or in the case of rebuttal expert witnesses, within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(i), (ii). Under Rule 26(a)(2)(B), unless otherwise stipulated or ordered by the court, expert witness disclosures must be accompanied by a written report prepared and signed by the expert witness, if the witness is one retained or specially employed to provide expert testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). The report must contain certain information about the expert's opinions and the basis for such opinions, as outlined in the rule. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

Here, Plaintiff has not made the necessary disclosures or provided an expert report for Dr. Kennedy to Defendants within the time permitted. Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Plaintiff has not shown any justification for his failure to provide the required disclosures here. Also, as discussed at the hearing in this matter, the failure to make proper disclosures is generally not harmless, as it can cause confusion and a waste of time for the parties to engage in discovery of Dr. Kennedy's opinions during the trial.

Rule 37 provides the Court discretion in the imposition of sanctions. Further, at this time, it is unclear what, if any, testimony Dr. Kennedy would be giving and the impact of any testimony from Dr. Kennedy on Defendants' case. Defendants have not yet affirmatively moved for any exclusion of Dr. Kennedy as a witness from trial.

1    Accordingly, it is HEREBY ORDERED that to the extent Plaintiff's motion for expert
2 witness (ECF No. 59) seeks to subpoena Dr. Clyde Kennedy or otherwise require his presence at
3 trial, it is DENIED, as the information necessary for that subpoena was not properly provided.
4    The Court defers any ruling on whether Dr. Kennedy will be permitted to testify at trial,
5 and any ruling regarding the scope of any such testimony, if Plaintiff is otherwise able to obtain
6 Dr. Kennedy's presence at trial. The parties may submit a motion in limine on this matter.

IT IS SO ORDERED.

Dated:   **March 23, 2017**                       /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE