# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL STEVEN KING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. DEATHRIAGE, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00111-LJO-SAB-PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR NON-AUTHORIZATION OR RELEASE OF PLAINTIFF'S MEDICAL RECORDS<br><br>(ECF No. 60) |

Plaintiff Michael Steven King is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is set for a jury trial on Plaintiff's claims against Defendants Deathriage, Martinez, and Briones for excessive force in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's notice and motion for non-authorization or release of Plaintiff's medical records, filed February 27, 2017 (ECF No. 60). Plaintiff states that he received an expert disclosure from Defendants that shows their medical expert, Dr. Feinberg, was using Plaintiff's medical records when making statements prior to trial. Plaintiff contends that there was no authorization from him to disclose his records, nor was he asked, in violation of the requirements of the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d, *et seq.* ("HIPAA").

///

1

1        Defendants responded to Plaintiff's motion on March 14, 2017. (ECF No. 63.) They 2 assert that Dr. Feinberg is an un-retained expert who is employed by the California Correctional 3 Health Care Services ("CCHCS") to provide California inmates with medical care. Thus, they 4 argue that Plaintiff's records have not been disclosed to a third party, and they are willing to 5 stipulate to a protective order for any records to be used at trial. Further, they argue that Plaintiff 6 has no expectation of privacy regarding his medical records, since he put his medical condition at 7 issue in this case. Finally, they assert that Plaintiff is not entitled to any relief here since HIPAA 8 does not create a private right of action, nor does it provide for the exclusion of evidence as a 9 remedy for its violation.

10        Regarding Plaintiff's HIPAA argument, Plaintiff is advised that federal courts have found 11 that HIPAA created no private right of action, nor does it provide any means to suppress 12 evidence. *See, e.g.*, *United States v. Streich*, 560 F.3d 926 (9th Cir. 2009) ("HIPAA does not 13 provide any private right of action, much less a suppression remedy."). In other words, only the 14 government can bring a claim against a medical provider for violation of HIPAA. Thus, to the 15 extent Plaintiff seeks any damages in this action under HIPAA regarding the disclosure of his 16 medical records, or to the extent he seeks to exclude any evidence at trial based on the disclosure 17 of those records, the Court shall not grant such relief.

18        Plaintiff also argues that there is a conflict of interest in the Attorney General 19 representing Defendants as their counsel in this action, because the Attorney General should 20 have brought legal action against Defendants based on their alleged conduct here. As a result, 21 Plaintiff seeks an order that Defendants be required to obtain new counsel.

22        The State has a mandatory duty to represent itself and any state officer acting in an 23 official capacity. *See* Cal. Gov't Code § 12512 ("The Attorney General shall ... defend all causes 24 to which the State, or any State officer is a party in his official capacity ..."). In representing the 25 State, the Attorney General will also normally represent the public interest. *See, e.g.*, *D'Amico v.* 26 *Board of Medical Examiners*, 11 Cal.3d 1, 14-15 (1974). In an exceptional case, the Attorney 27 General may recognize a conflict of interest between the duty to represent the public interest and 28 the duty to represent a state agency. "However, unless the Attorney General asserts the existence

of such a conflict, it must be concluded that the actions and determinations of the Attorney General in such a lawsuit are made both a representative of the public interest and as counsel for the state agency or officer." *Id*. at 15.

In the instant case, the Attorney General has not asserted any conflict of interest. Furthermore, the Court finds that this case is not exceptional. It is exceedingly common for state prisoners to file civil rights actions against the California Department of Corrections and Rehabilitation and its employees based on constitutional grounds. These cases do not present the type of "public interest" case which would normally invoke a potential conflict of interest. Finally, actions taken by the Attorney General on behalf of state employees do not present a conflict of interest for an opposing party. Therefore, the Court finds no merit to Plaintiff's argument that the representation of Defendants by the Attorney General presents a conflict of interest in this case.

For these reasons, it is HEREBY ORDERED that Plaintiff's motion for relief due to the non-authorization or release of Plaintiff's medical records, filed February 27, 2017 (ECF No. 60), is DENIED, in its entirety.

IT IS SO ORDERED.

Dated: **March 23, 2017**                    /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE