# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL STEVEN KING,<br><br>Plaintiff,<br><br>v.<br><br>S. DEATHRIAGE, et al.,<br><br>Defendants. | Case No. 1:14-cv-00111-LJO-SAB-PC<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO ORDER DENYING PLAINTIFF MOTION ON DISCOVERY FOR PRODUCTION OF DEFENDANTS' DOCUMENTS<br><br>(Doc. No. 73) |

Plaintiff Michael Steven King is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is set for a jury trial on Plaintiff's claims against Defendants Deathrage, Martinez, and Briones for excessive force in violation of the Eighth Amendment.

Currently before the Court are Plaintiff's objections to the Court's order denying Plaintiff's motion for production of documents, filed April 7, 2017. (ECF No. 73.)

**I.     Background**

Discovery closed in this matter on September 29, 2015. (ECF Nos. 18, 29.)

On July 31, 2015, Plaintiff filed a request for a *Pitchess* motion, seeking the production of various documents, including personnel records. (ECF No. 32.) Defendants opposed the motion, informing Plaintiff that a *Ptichess* motion was not the proper procedure in a federal civil rights matter, and that Plaintiff must serve a request pursuant to Federal Rule of Civil Procedure 34. (ECF No. 37.) Later, on September 21, 2015, Plaintiff filed a motion to compel the production of the requested documents. (ECF No. 38.)

On October 19, 2015 the Court found that Plaintiff had not shown that he sought the documents from Defendants through a proper, timely discovery request to which the Defendants failed to adequately respond. (ECF No. 40.) As a result, his motion to compel was denied.

Over a year later, on January 9, 2017, Plaintiff filed a motion for the production of the same documents that were the subject of the above-described motions and order. (ECF No. 66.) On March 17, 2017, the Court denied that motion, finding that Plaintiff had not met the requirements to compel such discovery, and even if he had done so, the motion was untimely and Plaintiff had not shown any good cause for making his untimely motion or to reopen discovery. (ECF No. 66.)

**II.     Plaintiff's Objections**

In Plaintiff's objections, he asserts that the Court applied the wrong standards in denying his January 9, 2017 motion. He argues that he is proceeding pro se, and the Court is requiring him to meet the same standards as a lawyer in holding him to the deadlines in the Court's scheduling orders and requirements of the Federal Rules of Civil Procedure.

Although the Court must construe a pro se litigant's pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam); Carter v. *Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986). Timely compliance with court deadlines may only be excused for good cause, such as when the particular restraints of a pro se prisoner's incarceration prevent timely compliance. *See, e.g.*, *Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (district court erred in not extending pro se prisoner's time for filing an amended complaint when prisoner's failure to meet 30-day leave-to-amend deadline was result of alleged lockdown and confiscation of prisoner's legal materials, and where amended complaint was submitted within 30 days of original deadline).

Here, Plaintiff has shown no circumstances out of his control that prevented him from meeting the discovery deadlines in this case, nor any grounds for allowing a late motion to compel or reopen discovery. Discovery has been long-closed in this matter. Trial is imminent, and shall not be delayed for any further untimely requests for discovery.

Accordingly, Plaintiff's objections to the Court's March 17, 2017 order denying his request for the production of documents, filed on April 7, 2017 (ECF No. 73), are OVERRULED.

IT IS SO ORDERED.

Dated: **April 14, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE