# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL STEVEN KING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. DEATHRIAGE, et al.,<br><br>　　　　Defendants. | Case No. 1:14-cv-00111-LJO-SAB-PC<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO PRETRIAL ORDER<br><br>(Doc. No. 74) |

Plaintiff Michael Steven King is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is set for a jury trial on Plaintiff's claims against Defendants Deathriage, Martinez, and Briones for excessive force in violation of the Eighth Amendment.

Currently before the Court are Plaintiff's objections to the pretrial order, filed April 7, 2017. (ECF No. 74.) Plaintiff objects as follows: (1) the witness list should contain his proposed witnesses; (2) it is a HIPAA violation for Defendants to review his medical records without his permission; (3) his request for discovery of records showing Defendants' history of misconduct should not be denied because it would prove his case; and (4) contrary to the statement that he does not have exhibits, he plans to provide exhibits at trial.

The rulings regarding Plaintiff's witnesses, assertions of HIPAA violations, and discovery requests are addressed in prior orders. (ECF Nos. 66, 67, 69). The pretrial order is consistent with those rulings. Plaintiff has presented no grounds for reconsideration of those orders or the pretrial order

Regarding exhibits, as explained during the telephonic trial confirmation hearing, Plaintiff failed to identify or list his proposed trial exhibits in his pretrial statement. (ECF No. 64.) Nor were Plaintiff's proposed exhibits otherwise disclosed to Defendants, according to defense counsel. (ECF No. 61, p. 4 n.1.)  Local Rule 281, which Plaintiff was provided with, required Plaintiff to list his exhibits in his pretrial statement, and provides that "[o]nly exhibits so listed will be permitted to be offered at trial…." L.R. 281(b)(11). (ECF No. 47-1.) Thus, at this time, Plaintiff's unidentified exhibits are excluded. As explained to him, Plaintiff may use Defendant's exhibits if he wishes.

Accordingly, Plaintiff's objections to pretrial order, filed April 7, 2017 (ECF No. 74), are OVERRULED.

IT IS SO ORDERED.

Dated: **April 14, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE