| | |
|---|---|
| MICHAEL STEVEN KING, | Case No.: 1:14-cv-00111-SAB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS WHO AGREES TO TESTIFY VOLUNTARILY |
| v. | |
| S. DEATHRIAGE, et al., | (ECF No. 90) |
| Defendants. | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Plaintiff Michael Steven King is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case is set for a July 11, 2017 jury trial on Plaintiff's claims against Defendants Deathriage, Martinez, and Briones for excessive force in violation of the Eighth Amendment. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 80); Local Rule 302.

Currently before the Court is Plaintiff's renewed motion for the attendance of an incarcerated witness who agrees to testify voluntarily, filed May 5, 2017. (ECF No. 90.)

**I.**

**BACKGROUND**

Previously, on January 9, 2017, Plaintiff moved for the attendance of several inmate witnesses, (ECF No. 52), which the Court denied following a hearing on March 23, 2017, (ECF No. 67). Plaintiff now renews his motion for the attendance of one inmate witness, Frizzell Bell (CDCR # V-98376, Kern Valley State Prison ("KVSP")).

///

## II.

## LEGAL STANDARDS

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

In determining whether to grant Plaintiff's motions for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

## III.

## DISCUSSION

Here, the Court finds that Plaintiff has met his burden to provide sufficient additional facts and evidence to merit reconsideration in this case. Previously, the Court denied Plaintiff's motion because he provided no declaration from himself or from inmate Bell that inmate Bell had any actual, first-hand knowledge of the events at issue.

Plaintiff's renewed motion is supported by a declaration signed under penalty of perjury by inmate Bell, in which inmate Bell discusses that he was housed in a cell near Plaintiff on the day in question, and witnessed out of the window from his cell door a group of correctional officers yelling at Plaintiff, and then slamming him on the ground, and beating Plaintiff for 10-20 minutes. Inmate Bell also declares that he heard some of what the officers yelled at Plaintiff, and saw Plaintiff being dragged away.

Based on the foregoing declaration, the Court is satisfied that inmate Bell witnessed the incident at issue in this case, and his testimony will substantially further the resolution of this case.

The Court has no information before it that inmate Bell would pose any exceptional security risk, or that transport and security are unduly burdensome, and inmate Bell is currently incarcerated at KVSP. The Court does not find that delaying this trial until inmate Bell's release best serves the interests of justice, given the length of time this case has been pending, and because memories of the March 21, 2013 events are likely to fade with time.

Accordingly, the Court will grant Plaintiff's renewed motion for the attendance of incarcerated witness Frizzell Bell. Plaintiff is advised that the Court will issue a Writ of Habeas Corpus Ad Testificandum for Plaintiff and inmate Bell's attendance at the trial in due course, and a motion for such order is not necessary.

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of inmate witness Frizzell Bell, filed May 5, 2017 (ECF No. 90) is GRANTED; and
2. The Court will issue the necessary transportation orders for Plaintiff and inmate Bell in due course.

IT IS SO ORDERED.

Dated: **May 11, 2017**

UNITED STATES MAGISTRATE JUDGE