## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEVEN KING, | ) Case No.: 1:14-cv-00111-SAB (PC) |
| Plaintiff, | ) |
| | ) ORDER DENYING PLAINTIFF'S MOTION <u>IN</u> |
| v. | ) <u>LIMINE</u>, AND OVERRULING PLAINTIFF'S |
| | ) OBJECTIONS REGARDING TRIAL EXHIBITS |
| S. DEATHRIAGE, et al., | ) (ECF No. 77, 91) |
| | ) |
| Defendants. | ) ORDER REGARDING DEFENDANTS' MOTIONS |
| | ) <u>IN LIMINE</u> |
| | ) (ECF No. 79) |
| | ) |

### I.

### BACKGROUND

Plaintiff Michael Steven King is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case is set for a July 11, 2017 jury trial on Plaintiff's claims against Defendants Deathriage, Martinez, and Briones for excessive force in violation of the Eighth Amendment. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 80); Local Rule 302.

Currently before the Court are Plaintiff's motion in limine, filed April 17, 2017 (ECF No. 77), and Defendants' motions in limine, filed April 21, 2017 (ECF No. 79). Defendants filed an opposition to Plaintiff's motion on May 5, 2017 (ECF No. 88), and Plaintiff filed an objection to Defendants' motions on May 5, 2017 (ECF No. 89). The motions are deemed submitted. Local Rule 230(l).

1

## II.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

## II.

## MOTIONS IN LIMINE

### A.     Plaintiff's Motion in Limine

Plaintiff seeks an order prohibiting Defendants from referring to, interrogating any witnesses concerning, commenting upon, or attempting to make reference in any way to Plaintiff's criminal history. Plaintiff is serving a 15-year-to-life sentence for his 2008 felony conviction for murder. Plaintiff argues that the evidence is irrelevant, and any possible probative value is substantially outweighed by unfair prejudice. Plaintiff specifically objects to admitting into evidence the amended abstract of judgment for his committed offense, dated October 1, 2010, and his inmate movement history, which are listed as Defendants' exhibits on the pretrial order. (ECF No. 71, p. 8.)

Defendants assert that the evidence of Plaintiff's prior felony convictions is admissible for purposes of attacking his credibility. Defendants further argue that the probative value of Plaintiff's sentence and the date of conviction outweighs any prejudicial effect because the fact of Plaintiff's conviction and that he is in prison will be necessarily known to the jury.

Defendants also argue that, to the extent Plaintiff is allowed to present as a witness inmate Frizzell Bell, they should be allowed to impeach his credibility using inmate Bell's 9-year term for his 2010 conviction of inflicting corporal injury on a spouse.

**Ruling:** Plaintiff's motion in limine is GRANTED IN PART. Fed. R. Evid. 609(a) permits impeachment by evidence of criminal conviction for crimes punishable by death or by imprisonment for more than one year, subject to Rule 403. Fed. R. Evid. 609(a). Pursuant to Rule 609(a)(1)(A), Plaintiff's felony conviction is admissible to impeach his credibility. Given that Plaintiff is currently incarcerated and his legal claims in this action arose from events which occurred in prison, the fact of Plaintiff's incarceration will be apparent to the jury. Thus, Defendants may elicit testimony regarding the fact of Plaintiff's felony conviction and his inmate movement history.

Plaintiff specifically objects to the introduction of his sentence of life with the possibility of parole. However, the Court finds that the term of his conviction is relevant because it goes to his credibility; specifically, the veracity of his testimony. Since Plaintiff has been sentenced to a life sentence, the Court finds that the length of his sentence is relevant as to whether he would suffer any consequence were he to perjure himself in this action.

The details of his conviction, including the offense, are not admissible, as the danger of prejudice from his offense (in this case, felony murder) outweighs the relevance, if any, of that evidence. To the extent the amended abstract of judgment for Plaintiff's committed offense, dated October 1, 2010, and his inmate movement history have any details about the nature of his conviction, that information should be redacted.

By separate order, the Court has granted Plaintiff's renewed motion to allow inmate Bell to appear as a witness on Plaintiff's behalf at trial. For the reasons explained above, inmate Bell's felony conviction may be used to impeach the credibility of his testimony.

In sum, under the circumstances, the fact and the term of Plaintiff and inmate Bell's sentence, but not the details of their convictions, are admissible for the limited purpose of impeaching their credibility. Fed. R. Evid. 403, 609(a)(1)(A).

### B. Defendants' Motions in Limine

Defendants seek to exclude testimony or other evidence regarding: (1) medical opinions from Plaintiff concerning his injuries or condition; (2) evidence concerning Defendants' personnel matters, prior complaints concerning job performance, or prior disciplinary issues; (3) evidence that Defendants may be indemnified should any judgment be rendered against them; (4) any medical expert Plaintiff seeks to call as a witness; and (5) any documentary evidence Plaintiff seeks to introduce. Each of these motions, and Plaintiff's objections, is addressed below.

#### 1. Plaintiff's Medical Opinions Concerning His Condition and Alleged Injuries

Defendants seek to preclude Plaintiff from offering any testimony or other evidence about his physical and emotional injuries from the March 21, 2013 incident, or making any inferences about whether his medical conditions were caused by the incident. Defendants specifically note that Plaintiff alleges that he suffers headaches as a result of the incident, but has a history of migraine complaints. Defendants assert that Plaintiff lacks the expertise to interpret medical records and therefore should be limited to testifying what he experienced and how he felt, what he did in response to the physical symptoms he developed, and what he communicated to doctors or other medical providers. Plaintiff's opposition does not address this motion.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge. Plaintiff also may not testify regarding his medical records. In sum, information regarding medical opinions and observations from medical records are hearsay, and may not be admitted without a testifying medical professional.

**Ruling:** Defendants' motion in limine is GRANTED IN PART. Plaintiff may not personally testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records. Plaintiff may testify as to what he observed and experienced as a result of the March 21, 2013 incident, and, if relevant, Plaintiff may also cross-examine any testifying medical expert about his condition.

2. <u>Defendants' Personnel Matters, Prior Complaints about Job Performance, or Prior Disciplinary Issues</u>

Defendants seek to preclude Plaintiff from questioning them about matters contained in their personnel records, including personal information as well as past disciplinary actions or complaints. They assert that the evidence is not relevant, and that Plaintiff intends to use allegations of past misconduct to argue that they are liable here, in violation of Federal Rule of Evidence 404(b). Defendants further argue that evidence about these matters would be confusing, mislead the jury, and unfairly prejudicial.

Plaintiff opposes the motion, arguing that he will not have a case to stand on if he is not able to question Defendants about all of their misconduct, including prior complaints against them, personnel matters, and job performance. Plaintiff argues that this evidence is relevant to Defendants' credibility, because Defendants will be able to lie and commit perjury about the facts in this case, unless he can question them about their misconduct. Plaintiff further argues that he intends to use this evidence for impeachment purposes. Plaintiff specifically argues that the evidence of the many pending cases that Defendant Deathriage is litigating as a defendant are relevant.

Evidence is relevant if it has "any tendency to make a fact more or less probably than it would be without the evidence" and the fact is "of consequence in determining the action." Fed. R. Evid. 401.

Federal Rule of Evidence 404(b) makes evidence of other wrongs or acts inadmissible to provide "the character of a person in order to show action in conformity therewith," but may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); <u>see also</u> Fed. R. Evid. 405(b) (character evidence may be admissible if it is an essential element of the claim). Under Rule 404(b), "the district court may admit evidence of prior bad acts if it (1) tends to prove a material point;

5

(2) is not too remote in time; (3) is based upon sufficient evidence; and, (4) in some cases, is similar to the offense charged." United States v. Lozano, 623 F.3d 1055, 1059 (9th Cir. 2010).

**Ruling:** Defendants' motion is GRANTED IN PART. Plaintiff has previously brought motions seeking the production of Defendants' personnel records, which have repeatedly been denied because Plaintiff never made a proper, timely discovery requests for those records to which Defendants failed to adequately respond. (See ECF No. 75.) To the extent Plaintiff is seeking any reconsideration of that order, such request is denied, as no good cause is shown to allow Plaintiff to conduct late discovery on that matter.

Further, any evidence of prior incidents involving Defendants that have no connection to whether any Defendant used excessive force on March 21, 2013 should be excluded, because that evidence has no relevancy to whether the alleged facts here occurred. Also, evidence of a prior incident cannot be used to show a propensity to cause harm to Plaintiff. Such evidence is impermissible character evidence, and is not admissible to show that any Defendant acted improperly on March 21, 2013 in this case.

The Court reserves ruling on any questions or evidence, if any, that Plaintiff wishes to use to attack a witness's credibility and/or for impeachment purposes. If Plaintiff has a proffer of evidence that any witness's testimony may be impeached through evidence or questions concerning personnel matters, prior false statements, adverse credibility findings or decided disciplinary issues, he may request a conference to be held outside of the presence of the jury. The Court will then hear the proffer, and make a ruling on whether such evidence is proper.

3. <u>Evidence of Reimbursement or Indemnification</u>

Defendants seek to preclude any evidence of Defendant's indemnification for damages by the State of California or the California Department of Corrections and Rehabilitation. Defendant argues that the evidence is both irrelevant and prejudicial. Plaintiff's opposition does not address this motion.

**Ruling:** Defendants' motion is GRANTED. The State of California is required to indemnify its employees, at their request, in litigation arising from the course and scope of the employment. Cal. Gov't Code § 835. However, the evidence of this indemnity provision is irrelevant to the questions

presented at trial. It does not provide any information as to what happened during the incident at issue, nor does it address the proper measure of damages.

   4.   Plaintiff's Medical Expert

On February 21, 2017, Plaintiff filed a notice and motion for expert witness, identifying Dr. Clyde Kennedy as an expert witness to testify to Plaintiff's mental state after the events at issue. (ECF No. 59.) Defendants argue that they were not provided any proper disclosure of this expert witness, nor did Plaintiff's pretrial statement identify any expert witness.

Federal Rule of Civil Procedure 26 provides that a party must disclose to other parties expert witnesses it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent a stipulation or a court order, expert witness disclosures must be made at least 90 days before the date set for trial, or in the case of rebuttal expert witnesses, within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(i), (ii).

Under Rule 26(a)(2)(B), unless otherwise stipulated or ordered by the court, expert witness disclosures must be accompanied by a written report prepared and signed by the expert witness, if the witness is one retained or specially employed to provide expert testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). The report must contain certain information about the expert's opinions and the basis for such opinions, as outlined in the rule. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness at a trial, unless the failure was substantially justified or is harmless. See Fed. R. Civ. P. 37(c)(1). "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction." Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011).

**Ruling:** Defendants' motion is GRANTED. On March 23, 2017, the Court issued an order regarding Plaintiff's notice and motion for expert witness, informing him of the expert witness disclosure requirements in Rule 26 and the exclusionary provisions of Rule 37. The Court further noted that the failure to make proper disclosures is generally not harmless, as it can cause confusion and a waste of time for the parties to engage in discovery of Dr. Kennedy's opinions during trial.

Currently, Plaintiff has failed to make the required disclosures regarding his proposed expert witness other than the expert's name and general topic of testimony. Plaintiff has also offered no justification for the failure to make a timely and complete disclosure.

5. Plaintiff's Trial Exhibits

Defendants argue that Plaintiff should be precluded from introducing any trial exhibits because he did not list any in his pretrial statement.

Plaintiff filed objections on this topic, on May 5, 2017. (ECF No. 91.) Plaintiff argues that because the trial date has been rescheduled until July 11, 2017, the interests of justice are best served with him being able to present documents and exhibits at trial. He asserts good cause is shown and his documents should be processed as exhibits. Plaintiff attaches about 150 pages of proposed exhibits to his objections.

**Ruling:** Defendants' motion is GRANTED. In this case, Plaintiff was ordered to provide pretrial statements in compliance with Local Rule 281 on or before February 21, 2018. (ECF No. 47). Among the requirements of Local Rule 281 was that the parties provide "[a] list of documents or other exhibits that the party expects to offer at trial. Only exhibits so listed will be permitted to be offered at trial except as may be otherwise provided in the pretrial order." Local Rule 281(b)(11). (ECF No. 47-1.)

Plaintiff failed to timely file any pretrial statement, and was ordered to show cause why terminating sanctions should not be imposed for that failure. (ECF No. 62.) On March 16, 2017, Plaintiff filed a pretrial statement which was accepted by the Court, and this action was permitted to proceed. (ECF No 64.) However, that pretrial statement failed to identify any proposed trial exhibits. Plaintiff has presented no good cause for this non-compliance.

More importantly, even if the Court found good cause for Plaintiff's non-compliance, the Court has reviewed the exhibits Plaintiff has provided with his untimely disclosure, and does not find them to be admissible as evidence. Most of Plaintiff's proposed exhibits are news articles and reports about other incidents involving prison officials and inmates who are not parties to this action, which occurred at other institutions and on dates which are not the date in question here. Plaintiff's proposed exhibits are not relevant, as they do not tend to prove or disprove whether the facts alleged by Plaintiff

occurred on March 21, 2013 at Pleasant Valley State Prison. Fed. R. Evid. 401. Moreover, the evidence should also be excluded as unfairly prejudicial, confusing, and a waste of time, as it will create trials within the trial about these unrelated incidents. Thus, the probative value, if any, of this evidence is substantially outweighed by the danger of unfair prejudice.

Finally, Plaintiff also includes as a proposed exhibit an index of cases in which Defendant Deathriage is a party. For the same reasons discussed above, evidence of this unrelated litigation also has no relevance to whether the alleged facts happened in this case, and would be unfairly prejudicial, confusing, and a waste of time. Fed. R. Evid. 401, 403. Plaintiff's proposed exhibits are therefore excluded.

## III.
## CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions <u>in limine</u>, filed April 17, 2017 (ECF No. 77), is GRANTED IN PART, as explained above;

2. Defendants' motions in limine, filed April 21, 2017, are GRANTED IN PART, as explained above; and

3. Plaintiff's objections to the denial of his trial exhibits, filed May 5, 2017, are OVERRULED as explained above.

IT IS SO ORDERED.

Dated: **May 11, 2017**

_____
UNITED STATES MAGISTRATE JUDGE