# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEVEN KING, <br><br> Plaintiff, <br><br> v. <br><br> S. DEATHRIAGE, et al., <br><br> Defendants. | Case No.: 1:14-cv-00111-SAB (PC) <br><br> ORDER SETTING HEARING ON MOTION TO ALLOW TRIAL PARTICIPATION BY VIDEO CONFERENCE <br><br> **Hearing date:** June 20, 2017 at 2:00 p.m. <br><br> ORDER DIRECTING CLERK TO EMAIL COPY OF ORDER TO LITIGATION COORDINATOR |

This case proceeds to a jury trial on Plaintiff Michael Steven King's claims against Defendants Deathriage, Martinez, and Briones for excessive force in violation of the Eighth Amendment.

On June 8, 2017, Defendants filed a motion pursuant to Federal Rule of Civil Procedure 43(a) to allow Defendant Deathriage to participate in and testify at trial by videoconference. (ECF No. 97.)

Defendant Deathriage declares in support that he is in outpatient rehabilitation from a serious illness, and continues to recover at home. He is unable to see and cannot walk, is frail, tires easily, requires periodic rest and medical treatment. Thus, traveling 35 miles from home to court, sitting in the courtroom for hours, and travelling back, would exacerbate his pain and hinder his recovery. (Id. at 6-7.)

Defendants further assert that video testimony in this case will not prejudice Plaintiff, as there will be little delay in a video transmission of testimony, if any, allowing for a real-time interaction with Defendant Deathriage. Defendants argue that this will sufficiently enable cross-examination and allow the finder of fact to make credibility determinations.

Federal Rule of Civil Procedure 43 provides that a court may, in its discretion, allow the telephonic transmission of testimony "[f]or good cause in compelling circumstances and with appropriate safeguards." Palmer v. Valdez, 560 F.3d 965, 968 (9th Cir. 2009) (quoting Fed. R. Civ. P. 43). The Advisory Committee Notes to the 1996 Amendments contain the following advice:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.
> ...
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place.
> ...
> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

Courts have allowed video testimony where appropriate safeguards have been taken to ensure that the finder of fact may listen to and observe the testifying witness's demeanor, where there is adequate opportunity to cross-examine, and where the transmission will be instantaneous. See Parkhurst v. Belt, 567 F.3d 995, 1003 (8th Cir. 2009) (finding trial court did not err in allowing testimony by closed circuit television). The witness should also be provided in advance with any documentary exhibits that may be needed during their testimony. See Scott Timber, Inc. v. United States, 93 Fed. Cl. 498, 501 (2010).

Plaintiff has not had an opportunity to respond to this motion. This motion is of a time-sensitive nature and may require significant pre-trial preparations, depending on the ruling.

Therefore, the Court finds it appropriate to set this motion for hearing at the telephonic trial confirmation hearing already set in this matter for June 20, 2017. Local Rule 230(l). Plaintiff may respond to this motion orally at that hearing.

///

///

Accordingly, the Court HEREBY ORDERS as follows:

1. Defendant's motion to allow Defendant Deathriage's trial participation by videoconference (ECF No. 97) shall be heard at the telephonic trial confirmation hearing already set before the Honorable Stanley A. Boone, on June 20, 2017, at 2:00 p.m. in Courtroom 9;

2. The Clerk of the Court is directed to serve a copy of this order on the Litigation Coordinator at Ironwood State Prison via email; and

3. The Litigation Coordinator is respectfully requested to deliver the emailed copy of this order to Plaintiff Michael Steven King, CDCR# F-27519, as soon as practicable.

IT IS SO ORDERED.

Dated: **June 12, 2017**

UNITED STATES MAGISTRATE JUDGE